

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| DAVID BROWN, a/k/a | * | Case No. 05-17836-NVA |
| DAVID J. BROWN, | | (Chapter 13) |
| | * | |
| Debtor. | | |
| | * | |

\* \* \* \* \* \* \*

| | |
|---|---|
| WASHINGTON MUTUAL BANK, FA | * |
| Movant, | * |
| v. | * |
| DAVID BROWN, a/k/a | * |
| DAVID J. BROWN, | |
| | * |
| Respondent. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF DECISION IN SUPPORT OF ORDER DENYING MOTION [30]
TO VOID STAY *NUNC PRO TUNC* AS OF APRIL 5, 2005, AND GRANTING
MOTION [76] OF UNITED STATES TRUSTEE TO
DISMISS CASE WITH PREJUDICE**

The Court has before it the Motion of Washington Mutual Bank, FA (the "Bank") to

Void Stay *Nunc Pro Tunc* as of April 5, 2005 [30] filed June 9, 2005 (the "Motion"), the

Debtor's Opposition to Motion for Termination of Stay with Respect to 1357 Morris Road, S.E., D.C. [40] filed July 11, 2005 (the "Opposition"), the Motion of the United States Trustee to Dismiss Case with Prejudice and for Other Relief [76] filed October, 12, 2005 (the "Motion to Dismiss"), and the Debtor's Opposition to Motion of the U.S. Trustee to Dismiss with Prejudice [77], filed on November 4, 2005.  Hearings were held on the Bank's Motion on July 21, 2005 and October 6, 2005.  The Court has heard the evidence, reviewed the exhibits, considered the materials submitted by the parties and has had the benefit of argument of counsel.  The Court now issues this Memorandum of Decision of its findings of fact and conclusions of law in support of its Order Denying Motion [30] to Void Stay *Nunc Pro Tunc* as of April 5, 2005 and Granting Motion [76] of United States Trustee to Dismiss with Prejudice which will be entered in conjunction with this Memorandum of Decision.

**I.      FACTS**

       A.      Property at Issue

The Debtor is the owner of certain real property located at 1357 Morris Road, S.E., Washington, D.C. 20020 (the "Property").  At the July 21, 2005 hearing, the Debtor testified that he purchased the Property in 2001 and that he borrowed money to make that purchase.  On or about May 14, 2004, the Debtor refinanced that loan with the Bank.  The deed of trust attached to the Motion as Exhibit A (the "Deed of Trust") reflects that David J. Brown and Shawntell Brown were the borrowers, and both signed the Deed of Trust.  Only the Debtor signed the Adjustable Rate Note (also attached to the Motion as Exhibit A) (the "Note").  Whether Ms. Brown has some ownership interest in the Property is not known.  The Court does not have before it a deed

or other title document, and the Debtor does not disclose any joint owners on his Schedule of Real Property.

At some point after the loan was refinanced, there was a default and the Bank commenced foreclosure proceedings. The sale was scheduled for April 6, 2005 at 11:18 a.m. Shortly before 10:00 a.m. on the morning of the foreclosure sale, the Debtor called the office of counsel for the Bank to inform counsel that he had filed a voluntary bankruptcy petition and that the sale should be cancelled. The Bank proceeded with the sale, however, because, among other reasons, the social security number provided by the Debtor in his bankruptcy papers did not match the number provided in the Bank's loan documents.

B.    The Social Security Numbers

The Debtor filed a voluntary chapter 13 petition on April 5, 2005. On the same date, he filed a Social Security Number Verification Page [2] and identified his number as \*\*\*-\*\*-8210. On April 19, 2005, the Debtor filed a Motion to Amend Petition to Add Social Security Number [6], and asked to "amend petition to add Social Security number \*\*\*-\*\*-1798." On May 2, 2005, the Court entered an Order Requiring Correction of Social Security Number [12]. The Debtor was directed to file, under oath, a statement with the correct social security number and serve copies on the United States Trustee, creditors and other parties in interest. On May 6, 2005, the Debtor filed a Corrected Social Security Number Verification Page [22], and disclosed that he had two social security numbers, \*\*\*-\*\*-8210 and \*\*\*-\*\*-1798.

C.    Proceedings before this Court

On June 9, 2005, the Bank filed the Motion [30], seeking to void the automatic stay effective as of April 5, 2005 so as to ratify the sale of the Property on April 6, 2005. The Bank stated as "cause" under 11 U.S.C. § 362 the Debtor's false oaths in the Petition and the

-3-

Verification page of May 6, 2005 regarding the social security numbers.  At the July 21, 2005 hearing, the Debtor explained that he has used both social security numbers at various times between 1998 and the end of 2004, based on information he received from the social security administration ("SSA") and from his accountant.  He also testified that at some point in December of 2004, he learned that the number ending in 1798 belonged to his son.  Despite having learned this, it appears that the Debtor has continued to use his son's social security number.

The Court continued the July 21, 2005 hearing until September 1, 1005, a date that was after the Meeting of Creditors pursuant to 11 U.S.C. § 341 (the "Meeting of Creditors"), which was scheduled for August 18, 2005.  On July 29, 2005, the Court sent a letter to the Chapter 13 Trustee and the United States Trustee [46], asking them to review the issue of the Debtor's use of two social security numbers and to report back to the Court after the Meeting of Creditors.  On August 24, 2005, the Chapter 13 Trustee filed a report [58] informing the Court that the Meeting of Creditors was held and continued to September 30, 2005 because the Debtor could not produce a social security card.  He was instructed to obtain one before the September 30, 2005 meeting resumed.  For this reason, the Court also continued the hearing on the Bank's Motion to October 6, 2005.

At the October 6, 2005 hearing, the Chapter 13 Trustee and the United States Trustee informed the Court that the Debtor had not yet produced a social security card or other valid evidence of the correct social security number, and that it was entirely possible that neither number identified in this case was his.  The Meeting of Creditors had been continued further without date and the United States Trustee had not completed its investigation.  The United States Trustee also moved orally at the October 6, 2005 hearing to dismiss the instant case as

having been filed in bad faith.

The Bank urged the Court to annul the stay rather than dismiss the case because, upon dismissal, the Bank would be forced to start over with foreclosure proceedings.  The Bank also argued that the Debtor admitted on the record that he was the borrower under the Bank's loan documents, that he owned the Property and that the Motion should be granted on that basis alone.  The Court declined to grant the Motion at that time, directed the United States Trustee to make its oral motion in writing within the next several business days, and took all matters under advisement.

On October 12, 2005, the United States Trustee filed a Motion to Dismiss Case with Prejudice, and for Other Relief (the "Motion to Dismiss") [76].  In the Motion to Dismiss, the United States Trustee alleges that neither the social security numbers ending in 8210 or 1798 belong to the Debtor.  Attached to the Motion to Dismiss is an affidavit of Ms. Beth A. Printz, Paralegal Specialist for the United States Trustee and two exhibits.  The exhibits are the Verification Requests addressed to the SSA and the SSA's responses.  The SSA confirmed that neither number belongs to the Debtor.  Based on the Debtor's continued failure to provide the correct number, his vague and varying explanation of why he is using these two numbers, and the potentially serious consequences of the Debtor's use of these social security numbers to the individuals who actually hold them, the United States Trustee has requested that the case be dismissed and the Debtor be barred from filing another bankruptcy case for a period of two years.

The Debtor disputes the United States Trustee's allegations, but does not oppose dismissal of the case with a bar to refiling for 180 days.

## II. LEGAL PRINCIPLES

### A. Relief from the Automatic Stay

Section 362(a) of the Bankruptcy Code provides that the automatic stay arises "automatically" upon the filing of a petition. 11 U.S.C. § 362(a). A creditor or other party in interest may seek relief from the stay under Section 362(d) of the Bankruptcy Code. That section provides, in part, as follows:

> "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization."

11 U.S.C. § 362(d).

The Bank requests that this Court void the stay, *nunc pro tunc*, i.e, annul the stay retroactively in order to validate the foreclosure sale. Retroactive relief of this kind is the exception rather than the rule and is determined on a case-by-case basis. *In re Shaw*, 294 B.R. 260, 272 (D. W.D. Va. 2003); *In re Scott*, 260 B.R. 375, 381-82 (Bankr. D.S.C. 2001) (internal citations omitted). Factors considered by courts in making such a determination include:

(1) whether the movant had actual or constructive knowledge of the bankruptcy filing (and therefore the automatic stay); (2) whether the debtor has acted in bad faith; (3) whether the debtor has any equity in the property; (4) whether the property is necessary for an effective reorganization; (5) wether grounds for relief from stay existed such that a motion filed before the violation would have been granted; (6) whether failure to grant relief would cause unnecessary expense to the movant; and (7) whether movant has detrimentally changed its position because of the action taken. *In re Scott*, 260 B.R. at 382 (citing *In re Lett*, 238 B.R. 167, 195 (Bankr. W.D. Mo. 1999)).

In addition to the automatic stay afforded to a debtor under Section 362(a) of the Bankruptcy Code, an individual who is liable on the debt with a chapter 13 debtor, or has secured such debt is similarly protected by the stay provided in Section 1301(a) of the Bankruptcy Code. The Court will grant relief from this "co-debtor stay" upon request of a party in interest and after notice and a hearing to the extent that:

> "(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received consideration for the claim held by such creditor;
>
> (2) the plan filed by the debtor proposes not to pay such claim; or
>
> (3) such creditor's interest would be irreparably harmed by continuation of such stay."

11 U.S.C. § 1301(c).

B.     <u>Dismissal of the Bankruptcy Case</u>

Dismissal of a chapter 13 case is governed by 11 U.S.C. § 1307. That section provides, in part:

>"(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States Trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including –
>
>>(1) unreasonable delay by the debtor that is prejudicial to creditors."

11 U.S.C. § 1307(c)(1).

Cause for dismissal may also include filing a petition in bad faith. *See In re Kestell*, 99 F. 3d 146, 148 (4th Cir. 1996) (chapter 13 petitions may be dismissed for cause, including bad faith); *In re Smith*, 295 B.R. 69, 75 n. 10 (6th Cir. 2002) (citing cases holding that lack of good faith is sufficient cause for dismissal of a chapter 13 petition)

### III.  DISCUSSION AND CONCLUSION

#### A.  The Court Will Not Annul the Stay

The Bank asserts that cause exists to void the stay under 11 U.S.C. § 362(d) because the debtor's bankruptcy papers contained false information about the social security numbers. It later argued that it had other, and perhaps stronger, grounds for annulment because the Debtor testified under oath at the July 21, 2005 hearing that he is the borrower, he owns the Property and that he has not made all payments required under the Bank's loan documents.

Taking into account the factors set forth in *In re Scott, supra*, the Court will not annul the stay retroactively so as to validate the Bank's post-petition foreclosure sale. The Bank had at least constructive knowledge of the bankruptcy filing the day before the foreclosure sale when the Debtor contacted counsel's office. In addition, the Court has no evidence before it that the Debtor has any equity in the Property or whether the Property is necessary for an effective reorganization. Also, no mention has been made about Ms. Brown's role in these proceedings.

She does not appear to be obligated on the Note, however, her signature appears on the Deed of Trust. The co-debtor stay of Section 1301 of the Bankruptcy Code applies to individuals who are liable with the chapter 13 debtor on a debt or who have secured such debt. 11 U.S.C. § 1301. At this point, the Court has no other information about Ms. Brown or the nature of her relationship to the Debtor. Without more, the Court cannot say that the Bank has properly sought relief as to Ms. Brown. For this reason, the Court does not find that the Motion, as filed, would have been granted prior to the foreclosure the Bank now seeks to ratify.

      B.      <u>The Court will Dismiss the Case and Impose Sanctions</u>

The United States Trustee argues that this case should be dismissed on the grounds of bad faith and unreasonably delay that is prejudicial to creditors. This Court agrees. The Debtor filed his petition on the eve of foreclosure, which in itself is not necessarily a sign of bad faith. However, he did not provide his social security number, even after he was asked to do so by the Court and by the Chapter 13 Trustee. The Meeting of Creditors has been continued twice for that reason, and it does not appear likely that the Debtor will produce a valid social security number in the near future. The delay alone is sufficiently prejudicial to creditors to warrant dismissal.

The United States Trustee investigated the matter and has verified with the SSA that neither number identified by the Debtor under oath is the correct number. *See* exhibits attached to the Motion to Dismiss [76]. In fact, under oath at the July 21, 2005 hearing, the Debtor stated that one of these numbers belongs to his son. The Debtor has not satisfactorily explained why he continues to use this number despite knowing that the number belongs to his son. The Court has no indication that the Debtor has taken steps to obtain the right number, nor has he satisfactorily explained why he has not done so. The Court finds that this conduct is indicative of bad faith

warranting dismissal.  The United States Trustee has requested that the Court impose a bar to refiling a bankruptcy petition for a period of two years.   However, based on the Debtor's consent to a bar of 180 days, the Court will bar filing of another petition by the Debtor for a 180 days.

      For the foregoing reasons, the Court will deny the Motion of Washington Mutual Bank, FA to Void Stay *Nunc Pro Tunc* as of April 5, 2005 [30] and will grant the Motion of the United States Trustee to Dismiss Case with Prejudice [76].  Appropriate Orders will be issued.

cc:    David J. Brown, Debtor
        Thomas F. DeCaro, Esq., Debtor's attorney
        David Mintz, Esq., Washington Mutual Bank's attorney
        Chapter 13 Trustee
        U.S. Trustee